·CITY OF SOUTH SIOUX CITY, APPELLANT, V. WILLIAM H. MULLINS ET AL., APPELLEES.

FILED OCTOBER 20, 1933. No. 28594.

*W. V. Steuteville,* for appellant.

*Gaines, McGilton, McLaughlin & Gaines* and *George W. Leamer, contra.*

Heard before GOSS, C. J., ROSE, GOOD, DAY and PAINE, JJ., and SHEPHERD, District Judge.

GOSS, C. J.

Plaintiff, a city of the second class, sued its treasurer and his surety on his official bond for $15,000 and interest, alleged to have been deposited by him and lost in the failure of the Bank of South Sioux City, a bank not designated by plaintiff as a depository. Upon trial to the district judge, the petition was dismissed and plaintiff appealed.

Most of the evidence was stipulated. Mullins was elected city treasurer at the April election in 1926 and has been reelected every two years. On April 26, 1926, he filed his bond in the penal sum of $15,000, with Fidelity & Deposit Company of Maryland as surety, to cover his term of two years beginning June 3, 1926. The condition of the bond:

"The condition of the above obligation is such that if the said W. H. Mullins, shall render a true account of

his office, and of the doings therein to the proper authority, when required thereby, or by law; and shall properly pay over to the person or officers entitled thereto all money which may come into his hands by virtue of his said office; and shall faithfully account for all the balances of money remaining in his hands at the termination of his office; and shall hereafter exercise all reasonable diligence and care in the preservation and lawful disposal of all money, books, papers, securities, or other property appertaining to his said office, and deliver them to his successor, or to any person authorized to receive the same; if he shall faithfully and impartially, without fear, favor, fraud, or oppression, discharge all other duties now or hereafter required of his office by law, then this bond to be void; otherwise in full force and effect."

When the treasurer's term of office began, on June 3, 1926, the Bank of South Sioux City was in the hands of, and had been operated by, the guaranty fund commission since about March 19, 1925. It continued to be so operated as a going concern until December 24, 1927, when it was placed in the hands of a receiver. When the guaranty fund commission took over the bank, it had on deposit $14,581.25 of city deposits; when the commission ceased to operate it and turned it over to the receiver, it had $31,064.75 such deposits. The district court allowed claims in the above amount and ordered the commission to pay them. It paid dividends sufficient to reduce the claims to $24,684.80 and accrued interest. No further sums have been paid.

No application was ever made by said bank to the city for the privilege of keeping any funds of the city. No bank was ever designated by the city council as a depository of the city money. While the bond was in force the bank paid the city 2 per cent. on the money on deposit.

Each month the treasurer made a written report to the council, showing all receipts and disbursements, indicating the source of the receipts and their allocation to

various funds, and, on the disbursement side, showing the warrants paid. He also included in his report deposit slips showing all money deposited in the bank of South Sioux City. It is due him to say that nothing in the evidence reflects upon his personal or official honor.

The defendants appear to seek to have the cause considered as if plaintiff were asking a recovery solely on the ground of the common-law negligence of the treasurer in depositing funds in a bank which failed. It is true that in three of the eight separate specifications of the petition, alleging the manner in which the treasurer breached the conditions of his bond, it speaks of his negligence in depositing the money in the bank or in failing to withdraw it therefrom when he knew or ought to have known the bank was unsafe and insolvent; yet in four of the specifications the issue was tendered flatly charging a breach upon his plain failure to restore the funds of the city. The eighth and last specification is as follows:

"That said William H. Mullins was negligent in depositing and keeping on deposit the funds of said city in a bank which had not been designated as a depository by the city council of the city of South Sioux City."

The issues tendered by the last five specifications were met by a general denial by the surety. The treasurer alleged that the city council knew the money was deposited in this bank and demanded the interest on said funds. The proofs showed (1) that the treasurer had officially received and had failed to restore to plaintiff a sum largely in excess of the amount prayed, and (2) that the city had never formally approved or designated the bank as a depository of its funds. The question for the district court and for this court is a question of law. Under the facts stated, was the bank a designated depository of the funds within the meaning of the statute?

When the term of the treasurer began on June 3, 1926, the section of the statute relating to deposit of money in a bank by a treasurer of a city of the second class

was section 4324, Comp. St. 1922. This was amended in 1927 and became section 17-515, Comp. St. 1929, operative during the remaining portion of that year, in which the bank in question was placed in the hands of a receiver on December 24, 1927. However, its text under both acts required banks desiring the privilege to make application to become depositories, made it the duty of the city council to act on such applications, and required the treasurer to keep his public funds in a bank of approved and responsible standing. The section applies to cities of the second class and villages.

We recently had before us a case where the same section was considered and so do not think it necessary to quote the pertinent language of the statute. The case is that of *State v. Bank of Otoe, ante,* p. 383. We there held that, under section 17-515, Comp. St. 1929, a village treasurer is not authorized to deposit funds in any bank which has not been designated by the board of trustees as a depository. In support we cited *Massachusetts Bonding & Ins. Co. v. Steele, ante,* p. 7, considering a statute almost identical save that it applied to county treasurers, and *Shambaugh v. City Bank of Elm Creek,* 118 Neb. 817, 65 A. L. R. 804. The annotation beginning on page 811 indicates that it is the generally accepted rule that custom or usage does not so enlarge a public officer's statutory powers as to enable him to perform his duties in a manner other than that prescribed by statute.

Deciding the case involving the Bank of Otoe and a school district treasurer, with respect to whom the statute is in similar terms, we decided that such a treasurer is not authorized to deposit school funds in a bank not designated by the school board. *State v. Bank of Otoe,* p. 414, *post.*

The city council knew that the treasurer kept his official funds in the bank. That was proved by the stipulation as to his reports being accompanied by his deposit slips, but that is ineffective to prove that the bank made application and that the council designated the bank as a de-

pository as prescribed by statute. The treasurer reported interest credited to him by the bank. He held the funds officially and it was his duty to report and pay over any interest received by him. He could make no personal profit from the use of the funds. The stipulation shows that the treasurer received credit at the bank for the interest, but does not show that the council demanded that the bank pay him or them interest on the funds on deposit. We are of the opinion that this item of the interest created and constituted no defense to the action on the bond.

Under the authorities cited in this opinion and under section 4324, Comp. St. 1922, and under section 17-515, Comp. St. 1929, a treasurer of a city of the second class is not authorized to deposit city funds in any bank which has not been designated by the city council as a depository. Such a treasurer and his surety on his official bond are liable for such funds so deposited and lost through the failure of the bank in which they were deposited without the bank being designated by the city council as a depository.

The judgment of the district court is reversed and the cause remanded for a new trial, in harmony with the views expressed in this opinion.

REVERSED.